NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1703

WILLIAM J. BURGER,
                                        Appellant
v.

PETER VON KORFF;
SANDRA VOLGSTADT;
COUNTY OF ERIE,
OFFICE OF CHILDREN AND YOUTH

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00326)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2010

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges.

(Filed: April 15, 2010)

OPINION OF THE COURT

RENDELL, Circuit Judge.

        William Burger appeals from the entry by the District Court for the Western

District of Pennsylvania of summary judgment against him and in favor of Peter Von

Korff, Sandra Volgstadt, and County of Erie Office of Children and Youth

("defendants").[1]

Burger sets forth the gravamen of his Complaint in his Statement of the Case on

appeal, stating that he alleged that the defendants:

> violated Plaintiff['s] . . . due process rights by injecting itself into a private
> custody proceeding between him and his wife in retaliation for comments
> made by Plaintiff about the Agency, and to prevent him from filing court
> actions concerning custody of his daughter.

Appellant's Br. 2.

On appeal, Burger raises four issues regarding the District Court's handling of the

case:

> A. WHETHER THE DISTRICT COURT ERRED IN ITS
> DETERMINATION THAT THERE WERE NO DISPUTED ISSUES OF
> FACT PRECLUDING THE ENTRY OF SUMMARY JUDGMENT?
>
> B. WHETHER THE COURT APPLIED THE PROPER STANDARD OF
> REVIEW TO PLAINTIFF'S DUE PROCESS VIOLATION CLAIM [?]
>
> C. WHETHER THE CONDUCT OF THE DEFENDANTS IN
> INTENTIONALLY AND WITHOUT CAUSE DEPRIVING PLAINTIFF OF
> CUSTODY OF HIS DAUGHTER WAS SO ARBITRARY, GROSS[LY]
> NEGLIGENT AND INTENTIONAL THAT IT SHOCKS THE
> CONSCIENCE?
>
> D. WHETHER DEFENDANTS ARE PROTECTED BY PROSECUTORIAL
> OR QUALIFIED IMMUNITY?

*Id.*

It is clear from Burger's briefing in this matter that it arises out of an emotionally

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise
jurisdiction under 28 U.S.C. § 1291.

charged situation. Yet, the District Court considered the extensive evidence before it in a dispassionate and reasoned manner and issued a thoughtful, comprehensive opinion concluding that there were no genuine issues of fact and that the defendants were entitled to judgment as a matter of law.[2] We have reviewed the record in light of Burger's contentions on appeal and find no basis for disturbing the District Court's ruling.

Accordingly, we will affirm.

---

[2] In its 28-page opinion, the District Court determined, inter alia, that the record evidence showed that Burger chose not to participate with the defendants in a meaningful manner in the evaluation process, that the actions taken by the defendants "were based on a careful consideration of the charge of child abuse reported against both parents," that Defendants had "more than sufficient 'reasonable and articulable evidence giving rise to a reasonable suspicion that a child has been abused,'" and that the Defendants "proceeded with deliberation and attempted to be as thorough as possible in conducting their investigation." A. 22. The District Court concluded that the defendants did not proceed in a manner that 'shocks the conscience' or could constitute intentional infliction of emotional distress, and that (assuming they were state actors) they were entitled to qualified immunity since their conduct was 'objectively reasonable.' *Id.* at 22, 28.